## LEHN v. CENTRAL CROSSTOWN R. CO.

(Supreme Court, Appellate Term. February 23, 1905.)

STREET RAILROADS—INJURIES TO PEDESTRIANS—EVIDENCE—VERDICT.

In an action for injuries to a pedestrian in collision with a street car as he was crossing the track, plaintiff's evidence *held* too improbable to sustain a verdict in his favor.

Appeal from City Court of New York, Trial Term.

Action by Louis Lehn against Central Crosstown Railroad Company. From a City Court judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
Frank Herwig, for respondent.

SCOTT, J. The plaintiff's testimony, which is entirely unsupported, seems to us to be too improbable to justify the verdict. The accident happened at the intersection of Eighth street and Third avenue on the easterly side of the avenue. Through Eighth street, which is a narrow street, runs a single car line, upon which

is operated a line of electric cars running from west to east. The plaintiff testified that he was proceeding downtown on the easterly side of Third avenue; that when he stepped off the northerly curbstone of Eighth street he saw a Third avenue car going uptown, and an Eighth street car at the westerly side of Third avenue coming slowly eastward across the avenue. When he reached the first rail of the Eighth street track, about 12 feet from the curb, he looked again, saw the Third avenue car still going north, but did not see the Eighth street car, because it was hidden by the Third avenue car. The distance from the Third avenue track to the point at which plaintiff then was is put at about 25 feet. He says that when he had reached the slot in the middle of the track he heard the car rushing upon him, and that it struck him before he could get clear of the track. Thus the plaintiff would make it appear that, although the car was 25 feet away, and behind another car, when he reached the first rail of the track, it rushed upon him at such speed that he had not time to cover the 5 feet—about two ordinary steps—and gain a position of safety, before the car rushed upon him and struck him. It may be that this is possible, but it is highly improbable. Much more reasonable is the story told by the defendant's witnesses, two of whom show no interest. The story upon which they agree is that the car was approaching the crosswalk slowly, preparatory to stopping; that there was a top-covered wagon coming westerly on Eighth street, north of the railroad track; that the plaintiff stepped from behind this wagon onto the first rail of the track so close to the car that the motorman, although he tried, was unable to stop before plaintiff was hit. This story, agreed to by three witnesses, is not improbable, but, on the contrary, recites an incident of common, every day experience, and it gains strength, when compared with plaintiff's story, from the fact that plaintiff seems to have been thrown down on the north side of the car, which would hardly have happened if he had been more than half way across the track; and from the circumstance, which seems to be significant, that there is no denial by the plaintiff that there was at the place indicated a covered wagon such as is testified to by defendant's witnesses. On the whole case we are of opinion that the weight of evidence was with the defendant, and that the motion to set aside the verdict should have been granted.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.